IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


KATHERINE MCNULTY,

    Plaintiff,

vs.                                                     CIV NO. 05-221 BB/ACT

SANDOVAL COUNTY and the
SANDOVAL COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendants.


MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION ON DEFENDANTS' THIRD MOTION
TO DISMISS OR IN THE ALTERNATIVE FOR SANCTIONS

    THIS MATTER comes before the Court on an Order of Reference from the Presiding Judge. [Doc. No. 150]. The Presiding Judge has asked the Magistrate Judge to recommend an ultimate disposition of Defendants' Sealed Third Motion to Dismiss, or Alternatively, For Other Sanctions. [ Doc. No. 112]. Having reviewed the pleadings, the exhibits attached and referred to in the pleadings, and the relevant case law, the Court recommends that the case NOT be dismissed. The Court further recommends that sanctions NOT be imposed against the Plaintiff.

PROPOSED FINDINGS

  1. The Plaintiff failed to identify a marriage counselor from whom she and her former husband received marital counseling in 1998 or 1999 in either her Initial Disclosures or in answer

to an Interrogatory.  This Court ruled, in a previous Order filed of record February 6, 2006, [Doc. No. 151 ], that Plaintiff needed to supplement her disclosures to include all health professionals back to January 1997, including marital counselors.  Plaintiff has done so.  She has identified the marital counselor and has executed a release for any records that the counselor may have.

    2.  As this Court found in its February 6, 2006 Order, the Plaintiff did not intentionally interfere with the discovery process, attempt to conceal the information about her marital counselor or try to mislead the Defendants regarding her mental health treatment.  There were legitimate reasons, including different interpretations of the relevant five year period for identifying healthcare professionals, Plaintiff's lack of record keeping or her forgetfulness, that explain why Plaintiff failed to disclose the name of her marital counselor and the dates of the counseling.

    3.  Defendants have asked that this case be dismissed because of Plaintiff's failure to disclose the marital counselor.  Citing to the factors in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992), the Defendants argue that the failure of the Plaintiff to participate fully and thoroughly in discovery should lead to a dismissal of Plaintiff's case.

    4. The Court finds otherwise.  Dismissal is an extreme sanction and is appropriate only in cases of willful misconduct on the party of a party.  <u>Id.</u>  The Court has already found that Plaintiff's conduct was not willful.  The Court has also re-opened discovery so that Defendants may obtain the marital counselor's records (after an *in camera* review by the Court in order to protect the non-party former husband's privacy) and conduct a supplemental deposition of Plaintiff.  Any prejudice suffered by the Defendants from Plaintiff's late disclosure of the marital counselor will be alleviated by the modification of the discovery deadlines and the discovery

rulings contained in the Court's Orders filed of record February 6 and 17, 2006. [Doc. Nos. 151 and 153].

     5. Defendants have asked, in the alternative, for discovery sanctions including, but not limited to: 1) striking Plaintiff's claim for emotional damages; 2) allowing Defendants' expert psychologist William Foote, PhD, to supplement his Rule 26 expert report; 3) if necessary allowing Defendants to file additional discovery motions; and 4) awarding Defendants their attorneys' fees incurred in bringing this motion. The circumstances of the Plaintiff's failure to identify her marital counselor in a timely fashion do not persuade the Court that these discovery sanctions should be awarded. Defendants will be receiving the marital counseling records, after the Court has had an opportunity to review them *in camera*. Defendants have scheduled the deposition of the marital counselor and the supplemental deposition of Plaintiff. If, in the future, Defendants find it necessary to have their expert supplement his expert report, they can bring that specific matter before the Court in a separate motion. Finally, the Court does not find that Defendants should be awarded attorneys' fees for bringing this motion.

## RECOMMENDED DISPOSITION

     IT IS HEREBY RECOMMENDED that the Defendants' Motion to Dismiss be DENIED. It is also recommended that the Defendants' Motion, in the Alternative, for Discovery Sanctions be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE