IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHERINE MCNULTY,

    Plaintiff,

vs.                                        CIV NO. 05-221 BB/ACT

SANDOVAL COUNTY and the
SANDOVAL COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendants.

MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION ON PLAINTIFF'S MOTION
FOR SANCTION FOR FAILURE TO PARTICIPATE IN
GOOD FAITH IN SETTLEMENT CONFERENCE

    THIS MATTER comes before the Court on an Order of Reference from the Presiding Judge. [Doc. No. 158]. The Presiding Judge has asked the Magistrate Judge to recommend an ultimate disposition of Plaintiff's Motion for an Order of Sanctions against the Defendants because they failed to participate in good faith at a Court ordered settlement conference on November 9, 2005. [Doc. No. 121]. The Court, having participated in the settlement conference and having reviewed the pleadings of the parties and the relevant case law, recommends that the Motion be DENIED.

PROPOSED FINDINGS

  1. The Court ordered the parties to participate in a second settlement conference after the

parties could not reach agreement in the first settlement conference. The Plaintiff and her counsel prepared for the second settlement conference. Plaintiff's counsel states in his affidavit that he and his client appeared at the settlement conference ready, willing and able to negotiate a settlement.

2. Defendants' counsel states in her affidavit that prior to the November 9, 2005 settlement conference, she faxed Plaintiff's counsel a settlement offer. Plaintiff did not respond to the settlement offer and it expired by its own terms at the end of the day. A week before the November settlement conference, Defendants' counsel sent the Court a position statement stating that the funds that had previously been available for settlement had been expended in defending this litigation and that the Defendants thought that this case was in a posture that was best resolved by motion practice and trial. The position statement said that Defendants would be proceeding in that manner.

3. The Sandoval County Manager, the Sandoval County attorney, the Sandoval County Personnel Director, a representative of the County's insurance carrier, and Defendants' counsel all attended the November 9, 2005 settlement conference. The Defendants renewed their earlier settlement offer, Plaintiff was unwilling to accept it and since the Defendants were unwilling to increase their offer, the conference was concluded. The case has not settled and, pending a summary judgment motion, is proceeding to trial.

4. Fed. R. Civ. P. 16(f) states that if a party or the party's attorney fails to participate in good faith in a pretrial conference, including a Rule 16(c) settlement conference, the Court may impose sanctions. But as the Advisory Committee Notes to Rule 16 state, "[a]lthough it is not the purpose of Rule 16(b)(7) to impose settlement negotiations on unwilling litigants, it is

believed that providing a neutral forum for discussing [settlement] might foster it." Fed. R. Civ. P. 16 Advisory Committee's note, subdivision (c)(1983). However, there is a distinct difference between being required to attend a settlement conference and being required to participate in settlement negotiations. G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F. 2d 648, 653 (7th Cir. 1989) (en banc).

    5. The Defendants informed the Court prior to the settlement conference of their opinion that this case would be best resolved by motion practice and trial. The Defendants and the required representatives appeared at the settlement conference. They renewed an offer of settlement that they had made earlier. Those are the minimum requirements for a Rule 16(c) settlement conference and in accordance with this Court's Order setting the Rule 16(c) conference. *See*, Domann v. Vigil, 99 CV 192 LH/JHG (Memorandum Opinion and Order finding that Defendant did participate in good faith in settlement conference despite refusing to authorize settlement because an authorized representative of Defendant with full authority to settle attended conference).

    6. The Court cannot coerce settlement. Kothe v. Smith, 771 F. 2d 667, 669 (2nd Cir. 1985). While the Plaintiff may have preferred that Defendants had participated further in the settlement conference, Defendants' refusal to increase their offer of settlement was within their right.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that the Plaintiff's Motion for an Order of Sanctions against the Defendants because they failed to participate in good faith at a Court ordered

settlement conference be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE